IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN A. TAPP, #K03142, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 21-0396-SPM |
| ) | |
| ROB JEFFREYS, ) | |
| SARAH BROWN-FOLES, ) | |
| JESSICA D. STOVER, ) | |
| HEATHER WRIGHT, ) | |
| LORINDA LAMPKIN, ) | |
| MARIA GRAY, and ) | |
| J.B. PRITZKER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Plaintiff Brian A. Tapp brought this action while he was incarcerated at the Big Muddy River Correctional Center ("BMRCC") of the Illinois Department of Corrections ("IDOC"). (Doc. 1). Plaintiff has since been released from custody. (Doc. 8). He brings this civil action pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights during his confinement as a civilly committed Sexually Dangerous Person ("SDP"). He asserts violations of the First, Eighth, and Fourteenth Amendments because he was granted conditional release from the SDP treatment program but was kept in prison because of Defendants' failure to assist him in obtaining acceptable housing and support resources in the community. He seeks injunctive relief. (Doc. 1, pp. 24-27).

This Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.

1

28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff makes the following allegations in his Complaint (Doc. 1): Plaintiff was granted conditional release on March 5, 2021 by the Sangamon County, Illinois, court that committed him as an SDP, but is still being "punished" by remaining in custody because he has been given no assistance to secure proper housing in the community. (Doc. 1, pp. 2, 4, 9-11, 27). He seeks conditions of release that are rehabilitative rather than punitive, pursuant to the Illinois Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/1.01, *et seq.*, and asserts he should not be subject to the same requirements imposed on convicted sex offenders. (Doc 1, pp. 2-4, 8-10). He also claims the SDP treatment program is out of compliance with treatment standards and violates the Constitution. (Doc. 1, pp. 7-8). Nonetheless, Plaintiff has successfully completed all phases of the treatment offered at BMRCC. (Doc. 1, p. 12). He complains that the IDOC Director (Jeffreys) has no facilities or programs in place to continue to treat SDPs once they are released into the community, nor do Defendants offer any assistance with job training or employment. *Id.*

Plaintiff brings his claims against Rob Jeffreys, IDOC Director and Plaintiff's guardian while he is confined as an SDP; Illinois Governor J.B. Pritzker, who supervises Jeffreys; Sarah Brown-Foles, Coordinator of the Sex Offender Service Unit at BMRCC; Jessica Stover, a BMRCC treatment provider; Heather Wright, Director of the BMRCC Sex Offender Program and a treatment provider; Lorinda Lampkin, and Maria Gray, both attorneys involved in Plaintiff's recovery and conditional release court proceedings in Sangamon County. (Doc. 1, pp. 4-6). Plaintiff sues each Defendant in his or her individual and official capacities. (Doc. 1, p. 7).

Plaintiff organizes his Complaint into four counts: Count 1 for failure to adequately treat

mentally ill or disordered persons (Doc. 1, pp. 14-16); Count 2 for failure to supervise, direct, and train employees (Doc. 1, pp. 16-18); Count 3 for imposing a punitive environment at BMRCC and denying approval of a site for Plaintiff's release (Doc. 1, pp. 18-20); and Count 4 for imposition of punitive conditions of release and failure to provide adequate care and treatment upon conditional release. (Doc. 1, pp. 21-24).

Plaintiff seeks relief including an injunction to stop Defendants from enforcing their unconstitutional policies, require them to cease housing SDP detainees with general population inmates, train staff and parole agents on Plaintiff's rights as a psychiatric patient, require IDOC to provide community treatment for released SDPs, order IDOC to assist Plaintiff in finding housing and stop denying him housing for reasons that are not required by law, and order IDOC to pay all his housing, treatment, and other expenses upon his release. (Doc. 1, pp. 24-27).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action, corresponding with Plaintiff's articulation of his claims:

Count 1: Eighth and Fourteenth Amendment claims for Defendants' failure to adequately treat Plaintiff's mental illness/disorder as a sexually dangerous person, resulting in his prolonged confinement and mental suffering.

Count 2: Eighth and Fourteenth Amendment claims for Defendants' failure to supervise, direct, and train employees, including parole agents, on the adequate care and treatment of SDPs with serious mental illnesses, which causes Plaintiff to suffer physical, psychological, and emotional injuries.

Count 3: Fourteenth Amendment due process claim for confining Plaintiff in the punitive environment of the SDP program with general population inmates, and denying his prospective host sites for conditional release, causing Plaintiff significant mental distress.

Count 4: Eighth and Fourteenth Amendment claims for the IDOC Director's and the committing court's imposition of punitive conditions of

3

> release, IDOC's continued confinement of Plaintiff past his conditional release date, and IDOC's failure to provide him with adequate care, treatment, and financial assistance following his release.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### PRELIMINARY DISMISSALS

Plaintiff's Complaint seeks only prospective relief, in the form of a declaratory judgment and injunction. He makes no request for money damages for the constitutional violations he asserts. The case thus consists entirely of official capacity claims. Therefore, all claims against the Defendants in their individual capacities are **DISMISSED without prejudice**.

Individuals who are civilly committed under the SDPA are considered pretrial detainees. *See Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013). A pretrial detainee's claim related to unconstitutional conditions of confinement is considered under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. A standard of objective reasonableness, rather than deliberate indifference, governs claims for inadequate care under the Fourteenth Amendment's Due Process Clause. *McCann v. Ogle Cnty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (citing *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018)). Accordingly, the Court will analyze Plaintiff's constitutional claims pursuant to the Fourteenth Amendment and his Eighth Amendment claims are **DISMISSED**.

Plaintiff alleges that the current Governor of Illinois, J.B. Pritzker, is the "head executive"

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

of Illinois and is the supervisor of IDOC Director Jeffreys. (Doc. 1, p. 5). He does not allege, however, that the Governor is the final policymaker on the conditions and treatment of SDPs at BMRCC. *See Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016). Accordingly, Governor Pritzker is **DISMISSED** as a Defendant **without prejudice**.

The two attorneys involved in prosecuting Plaintiff's Sangamon County SDP case, Lorinda Lampkin and Maria Gray, are also **DISMISSED without prejudice**. Prosecutors who are performing their duties in the judicial process are shielded by absolute immunity from suit. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) (citing *Imbler v. Pachtman*, 424 U.S. 409, 420-29 (1976) (holding prosecutors enjoy absolute immunity for activities that are "intimately associated" with the judicial process)).

**Count 1**

In Count 1, Plaintiff focuses on the alleged inadequacy of his mental health treatment during his custody as a civilly committed SDP. He claims that the poor treatment program put him at risk of prolonged confinement by preventing him from meeting the conditions to be conditionally released to the community. (Doc. 1, pp. 14-16). While Plaintiff does not request the Court to order his release from custody (which is not an available remedy in a § 1983 case but must be sought via a petition for writ of habeas corpus), he asks for an order requiring Defendants to provide treatment at BMRCC that will enable him to be released.

Count 1 would state a claim sufficient to warrant further consideration – however, it appears to have become moot since Plaintiff was released from BMRCC into the community on June 7, 2021 and is no longer incarcerated. (Doc. 8). Because Plaintiff is no longer an inmate at BMRCC, his prayer for injunctive relief relative to treatment while confined there is moot unless he can show "a realistic possibility that he will again be incarcerated in the same state facility and

therefore be subject to the actions of which he complains here." *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)). For this reason, Count 1 for inadequate mental health treatment in BMRCC in violation of the Fourteenth Amendment will be dismissed without prejudice.

## Count 2

The failure to supervise and train BMRCC staff on providing adequate care and treatment for SDPs with serious mental illnesses during their custody (Doc. 1, pp. 16-18) would also state a viable claim – if Plaintiff were still incarcerated at BMRCC. *See Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997) (failure to supervise claim can arise "if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it"). Because Plaintiff is now on conditional release and living in the community, this claim also appears to have become moot insofar as it relates to the supervision/training of BMRCC treating staff.

However, Plaintiff also states that "parole agents" who would supervise his conditional release and recovery have also not been adequately trained on proper treatment of SDPs. (Doc. 1, p. 17). To the extent that Plaintiff must interact with those agents during his conditional release, and if those agents are under the supervision of the IDOC Director, Count 2 may still state a viable claim. At this early stage, Count 2 will be permitted to proceed against IDOC Director Jeffreys only.

## Count 3

This claim asserts due process violations for confining Plaintiff in punitive conditions with general population inmates at BMRCC and for extending his confinement by denying his prospective host sites. (Doc. 1, pp. 18-20). Plaintiff's release appears to have rendered this claim

6

moot as well, for the reasons explained under Count 1. Therefore, Count 3 will be dismissed without prejudice.

**Count 4**

This count challenges the conditions of release imposed on Plaintiff by the IDOC and the committing court. (Doc. 1, pp. 21-24). Plaintiff asserts that the IDOC Director is obligated under the Sexually Dangerous Persons Act ("SDPA") to provide Plaintiff with care and treatment after he has been released from BMRCC in order to assist him in transitioning into the community. (Doc. 1, p. 22). He claims this assistance includes payment for his transitional housing and basic living expenses. *Id.* Because such assistance has not been provided, Plaintiff has continued to be held in prison past his conditional release date. (Doc. 1, p. 24).

The Court has been unable to find any provision in the SDPA that requires the IDOC to provide financial assistance for housing, living expenses, or the like to a civilly committed SDP upon the person's conditional release into the community. *See* 725 ILCS 205/0.01, *et seq*. To the extent that Plaintiff was seeking such assistance in order to gain release from custody, his actual release demonstrates that he was successful in meeting the requirements of his conditional release without the need for injunctive relief from this Court. As such, it appears that this claim for injunctive relief to enable Plaintiff to gain release from BMRCC has become moot as well.

This claim also encompasses a challenge to the conditions of release set by the state court that ordered Plaintiff's civil commitment. The fact that Plaintiff was granted conditional release, rather than a complete discharge from his commitment (*see* 725 ILCS 205/9(e)), indicates that he continues to be under the jurisdiction of the Sangamon County Circuit Court regarding the conditions of his release.[2] That court would also determine whether Plaintiff may eventually

---

[2] The online docket of Plaintiff's case in the Sangamon County Circuit Court, Case No. 1997-CF-401, demonstrates that the court recently considered at least one motion filed by Plaintiff directed at the

qualify for discharge from those conditions and from his SDP commitment. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings unless "special circumstances" exist. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). Such special circumstances are generally limited to issues of double jeopardy and speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573.

No special circumstances are apparent here that would justify this Court's interference in the pending state proceeding to examine the conditions of Plaintiff's release. Any action this Court might take with regard to Plaintiff's conditional release status would necessarily undermine his ongoing state SDP proceeding and would run afoul of the *Younger* doctrine.

In a case where a civil rights action involves money damages and *Younger* is implicated, a federal court would ordinarily stay the claim until the state case concludes (through all stages of state appeal) rather than dismiss it, so the claim would not become time-barred. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). In Plaintiff's case, however, he is not seeking money damages that could be time-barred if this claim were dismissed. Because Plaintiff has the opportunity in his pending state SDP case to challenge the conditions of his release, the Court finds no reason to stay this claim. Count 4 will be dismissed without prejudice.

---

conditions of his release. Https://records.sangamoncountycircuitclerk.org/sccc/DisplayDocket.sc (last visited April 25, 2022). Court documents, including electronic docket information, are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

### INJUNCTIVE RELIEF

Because Plaintiff is no longer incarcerated, any prospective relief he may obtain with regard to Count 2 would not be directed to employees at BMRCC who are responsible for treatment of inmates rather than released individuals. In the event that the allegedly inadequately trained IDOC parole agents have authority over Plaintiff's compliance with his conditions of release, it appears that IDOC Director Jeffreys is the only named Defendant who could carry out an order for injunctive relief, if such order is entered. Jeffreys will therefore remain in the action for that purpose, in his official capacity. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

### DISPOSITION

The Complaint states a claim in Count 2 that survives review under § 1915A against IDOC Director Jeffreys, in his official capacity. The claims in Counts 1, 3, and 4 are **DISMISSED** without prejudice. Defendants Brown-Foles, Stover, Wright, Lampkin, Gray, and Pritzker are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Rob Jeffreys (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above

or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  April 25, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.