IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRIAN A. TAPP, #K03142,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 21-cv-0396-SPM |
| ) | |
| **ROB JEFFREYS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Defendant Rob Jeffreys' Motion to File Answer (Doc. 26), which seeks to vacate the Court's October 19, 2022 Order directing the entry of default against him. (Doc. 25). Jeffreys' waiver of service of summons was filed on May 10, 2022 (Doc. 13), and his counsel had entered her appearance and sought extensions of time to answer, which were granted. (Docs. 16, 18, 24). However, no answer was filed by the September 29, 2022 extended deadline.

"A party seeking to vacate an entry of default prior to the entry of judgment must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citations omitted); FED. R. CIV. P. 55(c). The standard for setting aside an entry of default is the same as that for setting aside a default judgment, but is applied more liberally. *Cracco*, 559 F.3d at 631.

Here, Defendant has met the standard for vacating the default. Counsel avers that she inadvertently overlooked the deadline to file Jeffreys' answer due to her heavy caseload and schedule; Jeffreys was not at fault for the failure to answer. (Doc. 26, p. 2). Quick action was taken to correct the failure as Defendant's motion was filed the same day that default was ordered.

Defendant has a meritorious defense, as shown in the proposed answer emailed to the Court when the instant motion was filed. Plaintiff has not yet filed a motion for default, and he will not be prejudiced if the default is vacated and Defendant is permitted to file his answer.

Defendant's additional reliance on the Prison Litigation Reform Act ("PLRA") provision that "No relief shall be granted to the plaintiff unless a reply has been filed" is unavailing. (Doc. 26, p. 2). The threshold order in this case specifically directed Defendant to file a response and stated he "shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g)." (Doc. 10, p. 10). He was thus required to answer or otherwise respond. Entry of default is not barred by the PLRA where a defendant fails to file an answer; to hold otherwise would lead to absurd results. *Adams v. Smith*, 2014 WL 811992, at *1-3, No. 13-cv-985-JPG-PMF (S.D. Ill. March 3, 2014). Even if a plaintiff cannot obtain relief in the absence of a reply, the Court still has inherent authority to sanction defendants who fail to comply with a Court order, including entering default. *Dagans v. Schornback*, 2015 WL 4036211, at *2, No. 14-cv-316-SMY-PMF (S.D. Ill. July 1, 2015) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 31, 48-50 (1991); *Pearle Vision, Inc. v. Room*, 541 F.3d 751, 757 (7th Cir. 2008)).

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Defendant Jeffreys has met the requirements of Rule 55(c) and **GRANTS** the motion to file answer/vacate default order (Doc. 26). The entry of default (Doc. 27) is **VACATED**. Defendant's responsive pleading is now due no later than **October 27, 2022**.

IT IS SO ORDERED.

DATED:  October 21, 2022

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**United States District Judge**
