IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN A. TAPP,

        **Plaintiff,**

v.

ROB JEFFREYS,

        **Defendant.**

Case No. 21-CV-00396-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

*Pro se* Plaintiff Brian A. Tapp filed the instant suit pursuant to 42 U.S.C. § 1983 on April 20, 2021 while incarcerated at Big Muddy River Correctional Center in Illinois. (*See* Doc. 1). He was subsequently released. (*See* Doc. 8). In his Complaint, he alleged violations of the First, Eighth, and Fourteenth Amendments. (*See* Doc. 1, p. 2). This Court conducted preliminary review of his Complaint in accordance with 28 U.S.C. § 1915(b)(1) and determined that only his claim against Illinois Department of Corrections Director Rob Jeffreys alleging violation of the Eighth and Fourteenth Amendments survived. (*See* Doc. 10). A Scheduling Order for merits discovery was entered on March 28, 2023 and was subsequently amended on January 2, 2024. (*See* Docs. 34, 36).

On February 29, 2024, the final day for merits discovery, Defendant Jeffreys filed a Motion to Compel in which he indicated that Plaintiff Tapp failed to appear for his deposition after he was provided both written and telephonic notice of the date and time of the deposition. (*See* Doc. 37). Plaintiff Tapp failed to respond to the Motion

to Compel within fourteen days as required by Local Rule 7.1(b)(2)(A). On March 18, 2024, the Court ordered Plaintiff Tapp to show cause in writing why the Court should not dismiss his case. (Doc. 38). Plaintiff Tapp again failed to respond.

Because Plaintiff Tapp failed to respond to the Court's Scheduling Order, to the Motion to Compel, and to the Court's Order to Show Cause (*see* Docs. 34, 36, 37, 38), the Court may dismiss this action with prejudice for failure to follow the Court's orders and for failure to prosecute. *See* FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

Therefore, for the reasons set forth above, Brian A. Tapp's case brought pursuant to 42 U.S.C. § 1983 is **DISMISSED with prejudice** for failure to follow a court order and for failure to prosecute. The Clerk of Court is **DIRECTED** to close this case on the Court's docket. In light of this ruling, Defendant Jeffreys's Motion to Compel (Doc. 37) is **DENIED as moot**.

**IT IS SO ORDERED.**

**DATED:** April 3, 2024

                                           **s/ *Stephen P. McGlynn***
                                           **STEPHEN P. McGLYNN**
                                           **U.S. District Judge**